IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

**August 22, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MAJED M.,**
**Respondent Below, Petitioner**

**v.) No. 25-ICA-290**   (Fam. Ct. Wood Cnty. Case No. FC-54-2025-D-32)

**NISHA W.,**
**Petitioner Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Majed M.[1] ("Father") appeals the Family Court of Wood County's April 17, 2025, preliminary order granting him less than 50-50 parenting time. Both the guardian ad litem ("GAL") and Respondent Nisha W. ("Mother") responded in support of the family court's decision.[2] Father filed a reply.

This is an expedited, interlocutory appeal filed in the Intermediate Court of Appeals pursuant to West Virginia Code § 48-9-203(f) (2022).[3] *See Christina F. v. Jason C.*, 23-ICA-507, 2024 WL 3252292 (W. Va. Ct. App. July 1, 2024) (memorandum decision) (delineating circumstances where this Court has jurisdiction over temporary parenting plan orders). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Father and Mother, never married, resided together in Wood County, West Virginia, with their three children for approximately seven years until Mother relocated to her family's home in Kanawha County, West Virginia, in January 2025. Shortly thereafter,

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Both parties are self-represented.

[3] West Virginia Code § 48-9-203(f) provides, in part, that "[a] parent who has sought and been denied equal (50-50) physical custody . . . may file an interlocutory appeal with the West Virginia Intermediate Court of Appeals as to the temporary custodial allocation of the child or children, and the Intermediate Court of Appeals shall provide an expedited review of the order[.]"

1

Mother filed a petition for custodial allocation and for a domestic violence protective order ("DVPO"), wherein she alleged physical and verbal abuse by Father. On February 13, 2025, the family court entered the DVPO against Father for ninety days. On March 31, 2025, the parties appeared for a preliminary hearing in family court, where both parties and witnesses presented testimony. The temporary parenting plan order was entered on April 17, 2025, which included the following relevant findings of fact and conclusions of law:

- The parties cannot work cooperatively in the children's best interest due to Father's personality traits leading him to high conflict.
- The court was not confident that Father would encourage and accept a positive relationship between Mother and the children.
- The court did not believe a 50-50 parenting plan was in the children's best interest due to the high conflict between the parties.
- The 50-50 parenting presumption has been rebutted by Mother.
- Father shall receive parenting time every other weekend from Thursday at 5:00 p.m. until Monday at 5:00 p.m.

It is from the April 17, 2025, temporary parenting plan order that Father now appeals, citing our limited interlocutory jurisdiction pursuant to West Virginia Code § 48-9-203(f). With respect to *final* orders of a family court, the Supreme Court of Appeals of West Virginia has directed that we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders). We apply the same deferential standard of review for our review of *temporary* parenting time orders over which we have jurisdiction pursuant to West Virginia Code § 48-9-203(f).

Father raises one assignment of error on appeal—that the family court erred by refusing to allocate 50-50 parenting time between the parties. We disagree. West Virginia Code § 48-9-209 (2024) provides a non-exclusive list of limiting factors to be considered when making custody allocation findings. Here, the family court found that three limiting factors were present—the commission of domestic violence by Father, the inability to work cooperatively due to Father's personality traits, and that Father would likely not encourage a positive relationship between Mother and the children. Upon review, we conclude that Father did not raise arguments sufficient to reverse the family court's temporary parenting plan order, and we will, therefore, not disturb the family court's temporary order. *See*

*Andrew C. v. Hillary C.*, 22-ICA-172, 2022 WL 17168206 (W.Va. Ct. App. Nov. 18, 2022) (memorandum decision) (affirming temporary parenting plan order where family court found 50-50 presumption rebutted by DVPO against father).

Accordingly, we affirm the family court's April 17, 2025, order. The Clerk of this Court is hereby directed to issue the mandate contemporaneously herewith.

Affirmed.

**ISSUED:** August 22, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White